IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOSEPH L. D'ALESSANDRO and JOHN A. FRANKLIN,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN CIVIL LIBERTIES UNION, EXECUTIVE DIRECTOR ANTHONY D. ROMERO, PRESIDENT NADINE STROSSEN, LEGAL DIRECTOR STEVEN SHAPIRO, DIRECTOR CAROLINE FREDRICKSON, DONNA MCKAY, GERI E. ROZANSKI, and EMILY TYNES,<br><br>Defendants. | ) ) ) ) ) ) ) Civ. No. 06-212-GMS ) ) ) ) ) ) ) ) ) ) ) |

**MEMORANDUM**

Joseph L. D'Alessandro and John A. Franklin ("the plaintiffs") filed this civil rights action on March 30, 2006, alleging violations of 5 U.S.C. § 556, 18 U.S.C. §§ 1961-1964, 18 U.S.C. §§ 241 and 242, 42 U.S.C. § 1983, and the Delaware Constitution. (D.I. 2.) An amended complaint as filed on May 8, 2006. (D.I. 6.) The plaintiffs appear *pro se* and on September 28, 2006, were granted *in forma pauperis* status pursuant to 28 U.S.C. § 1915. (D.I. 12.) The court now proceeds to review and screen the amended complaint pursuant to 28 U.S.C. § 1915. For the reasons discussed below, the complaint is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

**I.    THE COMPLAINT**

The plaintiffs allege that the American Civil Liberties Union ("ACLU"), its executive director, president, and several directors violated their rights under the First, Ninth, and

Fourteenth Amendments to the United States Constitution. More particularly, the plaintiffs allege the defendants violated their constitutional rights through the federal courts by reason of the ACLU's "radical agenda which undermines our nation's moral and religious heritage." (D.I. 6, at 10.) The plaintiff alleges that ACLU policies and actions "strip faith in God from the public square while promoting anti-family and pro-homosexual initiatives." *Id.* The plaintiffs specifically point to the recent First Amendment pledge of allegiance, "one nation under God" case to support their allegations. *Id.* at 14. The plaintiffs seek punitive and exemplary damages and ask that all proceeds be donated to the Salvation Army and other organizations damaged by the ALCU.

## II. STANDARD OF REVIEW

When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. Section 1915(e)(2)(B) provides that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996)(citing *Holder v. City of Allentown*, 987 F.2d 188, 194 (3d Cir. 1993)). Additionally, *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Haines v. Kerner*, 404

U.S. 519, 520-521 (1972)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Inasmuch as the plaintiffs proceed *pro se*, the court construes the complaint liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

### III. ANALYSIS

#### A. Administrative Procedure Act

The amended complaint references in the same sentence, § 556 of the Administrative Procedure Act ("APA") and the U.S. District Courts. Section 556 applies to hearings required by section 553 (i.e., rule making) or 554 (i.e., adjudications after agency hearing) of the APA. The APA defines "agency" as "each authority of the Government of the United States, whether or not it is within or subject to review by another agency, but does not include (A) the Congress; (B) the courts of the United States; (C) the governments of the territories or possessions of the United States; (D) the government of the District of Columbia." *Franklin v. Massachusetts*, 505 U.S. 788, 800 (1992) (citing 5 U.S.C. §§ 701(b)(1), 551(1)).

While not clear, it may be that the plaintiffs seek review of rulings or decisions rendered in U.S. District Courts. However, as noted above, courts of the United States are specifically exempted from the APA. Notably, the amended complaint makes no reference to any federal agency or ruling issued therefrom. The APA is inapplicable to this case and any attempt to use it is frivolous. Therefore, the court will dismiss any such claims pursuant to 28 U.S.C. § 1915(e)(2)(B).

#### B. Criminal Statutes

The plaintiffs attempt to raise civil causes of actions under criminal statutes, specifically the RICO statute, 18 U.S.C. §§ 1961-1964, and criminal civil rights conspiracy under 18 U.S.C.

§§ 241 and 242.

### 1. Civil RICO

The plaintiffs refer to the Racketeer Influenced and Corrupt Organizations Act ("RICO") statute, 18 U.S.C. §§ 1961, *et seq.* in their amended complaint. A private cause of action arises under RICO, § 1964(c), which states, in pertinent part, that "[a]ny person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the costs of the suit, including a reasonable attorney's fee." 18 U.S.C. § 1964(c).

This case alleges violations of the plaintiffs' constitutional rights and makes no reference to injury to their business or property. Thus, in the absence of the requisite injury to "business or property", the plaintiffs have not stated a civil RICO claim. *See* 18 U.S.C. § 1964(c) (only authorizing private cause of actions for persons injured in their "business or property"); *Chadda v. Burcke*, Nos. 05-1359, 05-2231, 180 Fed. Appx. 370, 372 (3d Cir. 2006). Accordingly, the court will dismiss the claim as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 2. 18 U.S.C. §§ 241 and 242

These criminal statutes refer to violation of civil rights and are the criminal analogue of 42 U.S.C. § 1983. They do not, however, provide a private cause of action for recovery in a civil suit. *United States v. City of Philadelphia*, 482 F.Supp. 1248, 1260 (E.D. Pa. 1979), *aff'd*, 644 F.2d 187 (3d Cir. 1980); *Taxacher v. Torbic,* 2000 WL 641616, at *14 (W.D. Pa. Feb. 23, 2000) (noting that there is no private cause of action under 18 U.S.C. § 241 ); *Leveto v. Lapina*, 2000 WL 331902, at *20 (W.D. Pa. Feb.5, 2000) (noting that there is no private cause of action under 18 U.S.C. § 242). *See also Cok v. Cosentino,* 876 F.2d 1, 2 (1st Cir. 1989) ("Only the United

States as prosecutor can bring a complaint under 18 U.S.C. §§ 241 -242."). Hence, the court will dismiss as frivolous the plaintiffs' claims brought under 18 U.S.C. §§ 241 and 242.

### C.    42 U.S.C. § 1983

The plaintiffs also allege a civil rights violation pursuant to 42 U.S.C. § 1983 and name as the defendants the ACLU and is officers and directors. The ACLU is a private, nonprofit organization. http://www.aclu.org, *West's Encyclopedia of American Law* (1998), http://www.answers.com. The ACLU and its officers and directors are not "state actors" as that term is defined under § 1983.

To state a claim under 42 U.S.C. §1983, the plaintiffs must allege "the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)) (overruled in part on other grounds *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986)). To act under "color of state law" a defendant must be "clothed with the authority of state law." *West*, 487 U.S. at 49. The ACLU is a private organization whose mission is to preserve the protections and guarantees of the Bill of Rights of the U.S. Constitution. http://www.aclu.org. Quite simply, the ACLU, its officers, directors and employees are not "clothed with the authority of state law." *See Reichley v. Pennsylvania Dep't of Agric.*, 427 F.3d 236, 244-45 (3d Cir. 2005); *Biener v. Calio*, 361 F.3d 206, 216-17 (3d. Cir. 2004). Accordingly, they are not amenable to suit under § 1983. Therefore, the § 1983 claims are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### D.    **Supplemental State Claims**

Because the amended complaint fails to state a federal claim, the court declines to

exercise jurisdiction over the plaintiffs' supplemental state law claim alleging a violation of the Delaware constitution. 28 U.S.C. § 1367; *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 309 (3d Cir. 2003).

## IV.    CONCLUSION

For the above stated reasons the court finds that the complaint fails to state a claim pursuant to 42 U.S.C. § 1983. An appropriate order will be entered dismissing the case

_____
UNITED STATES DISTRICT JUDGE

Nov. 4, 2006
Wilmington, Delaware

FILED

NOV - 8 2006

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOSEPH L. D'ALESSANDRO and JOHN A. FRANKLIN,<br><br>    Plaintiffs,<br><br>v.<br><br>AMERICAN CIVIL LIBERTIES UNION, EXECUTIVE DIRECTOR ANTHONY D. ROMERO, PRESIDENT NADINE STROSSEN, LEGAL DIRECTOR STEVEN SHAPIRO, DIRECTOR CAROLINE FREDRICKSON, DONNA MCKAY, GERI E. ROZANSKI, and EMILY TYNES,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Civ. No. 06-212-GMS<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER

At Wilmington this 4th day of Nov., 2006, for the reasons set forth in the Memorandum issued this date, the plaintiffs' complaint is DISMISSED without prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). Amendment of the complaint would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002); *Borelli v. City of Reading*, 532 F.2d 950, 951-52 (3d Cir. 1976).

                                                                       UNITED STATES DISTRICT JUDGE