IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

JOSEPH L. D'ALESSANDRO and ) 
JOHN A. FRANKLIN, )
 )
Plaintiffs, )
 )
v. ) Civ. No. 06-212-GMS
 )
AMERICAN CIVIL LIBERTIES UNION, )
et al., )
 )

**MEMORANDUM ORDER**

The plaintiffs, Joseph L. D'Alessandro ("D'Alessandro") and John A. Franklin

("Franklin"), proceed *pro se* and filed this lawsuit on March 30, 2006. (D.I. 2.) On November 8,

2006, the court dismissed the case as frivolous. (D.I. 14.) Now before the court is

D'Alessandro's motion to reopen the case which the court construes as a motion for

reconsideration pursuant to Fed. R. Civ. P. 60. (D.I. 16.) D'Alessandro filed an identical

motion in *D'Alessandro v. Delaware*, Civ. Action No. 06-435-GMS (D. Del.)

D'Alessandro refers to Rule 60(b) of the Federal Rules of Civil Procedure in support of

his motion which provides a party may file a motion for relief from a final judgment for the

following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered
> evidence by which due diligence could not have been discovered in time to move
> for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated
> intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party;
> (4) the judgment is void; (5) the judgment has been satisfied, released or
> discharged, or a prior judgment upon which it is based has been reversed or
> otherwise vacated, or it is no longer equitable that the judgment should have
> prospective application; or (6) any other reason justifying relief from the operation
> of the judgment.

Fed. R. Civ. P. 60(b).

D'Alessandro makes reference to "mistakes; inadvertence; excusable neglect; newly

discovered evidence; fraud, etc." but his motion contains no argument in this regard.  Instead,

D'Alessandro contends that the court ignored and/or violated the law, decided the case without

the evidence of a single witness, and violated D'Alessandro's First Amendment rights.  It

appears, therefore, that D'Alessandro claims the court made an error of law in reaching its

decision of November 8, 2006.

Accordingly, the court construes the motion as one under Rule 59(e), as opposed to one

under Rule 60.  *See Smith v. Evans*,  853 F.2d 155, 158-59 (3d Cir. 1988).  A Rule 59(e) motion

is the proper device a litigant should use to "to relitigate the original issue." *Pittsburgh Terminal

Corp. v. Baltimore & Ohio R.R.,* 824 F.2d 249, 253 (3d Cir.1987).  Under Fed. R. Civ. P. 59(e), a

party seeking to alter or amend a judgment must establish one of the following grounds for

reconsideration:  "(1) an intervening change in the controlling law; (2) the availability of new

evidence that was not available when the court granted the motion for summary judgment; or (3)

the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood

Cafe, by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)(citing *North River Ins.,

Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).

D'Alessandro provides no valid reason for the court to reconsider its November 8, 2006

ruling.  There is no need to correct a clear error of law or fact or to prevent manifest injustice.

Notably, D'Alessandro has not demonstrated any of the grounds necessary to warrant

reconsideration and, therefore, his motion will be denied.

NOW THEREFORE, at Wilmington this 9th day of _____, 2007, IT

IS HEREBY ORDERED that the Motion for Reconsideration (D.I. 16) is DENIED.

UNITED STATES DISTRICT JUDGE

FILED

APR 10 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE